

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 50006 | DATE | 3/26/2002 |
| CASE TITLE | | U.S.A. vs. DONIAL CARTER | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the § 2255 motion is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

No notices required, advised in open court.
No notices required.
✗ Notices mailed by judge's staff.
  Notified counsel by telephone.
  Docketing to mail notices.
✗ Mail AO 450 form.
✗ Copy to judge/magistrate judge.

/SEC courtroom deputy's initials

MAR 26 2002 date docketed

3-26-02 date mailed notice

Document Number: 6

# MEMORANDUM OPINION AND ORDER

Donial Carter, who is in federal custody pursuant to conviction and sentences for violations of 18 U.S.C. § 371 and 18 U.S.C. §§ 2, 924(a)(1)(A), has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. He contends he received ineffective assistance of trial and appellate counsel by their failing to object or raise an issue on appeal of (1) this court's erroneous calculation of U.S.S.G. § 2K2.1(b)(1); and (2) a double counting in applying U.S.S.G. § 2K2.1(b)(5) when that conduct was already considered in the charged offense base offense level of § 2K2.1(a)(7). (Carter was sentenced using the November 1, 1998 Guideline Manual). The government has filed a response in opposition to the motion.

## *Section 2K2.1(b)(1) Issue*

Carter contends that while the number of firearms involved in Counts 2 - 4 total 13, 2 of the firearms were purchased on February 6, 1998 (Count 2), 1 firearm was purchased on February 5, 1998 (Count 3) and 10 firearms were purchased on July 2, 1998 (Count 4), and all the firearms should not have been grouped. If they had not been grouped, there would be no enhancement for the firearms in Counts 2 and 3 as they are each less than the 3 firearms required for any enhancement under § 2K2.1(b)(1). Thus, he argues, he should have received only a three-level enhancement for 8 to 12 firearms under § 2K2.1(b)(1)(C) rather than a four-level enhancement under § 2K2.1(b)(1)(D) for 13 to 24 firearms. As this claim lacks merit, Carter was not prejudiced and, therefore, cannot show ineffective assistance of counsel. Count 1 of the information charged Carter with conspiracy to straw purchase 13 firearms, he never asserted before the trial court that the conspiracy involved less than 13 firearms, and, in fact, acknowledged at sentencing his offense involved 13 firearms. In addition, it was proper to group Counts 2 - 4 under § 3D1.2(d) as the offense behavior was continuous in nature.

## *Section 2K2.1(b)(5) Issue*

Carter contends he should not have received a four-level enhancement under § 2K2.1(b)(5) because this conduct was "double counted" as it was taken into account in determining his base offense level under § 2K2.1(a)(7). Application Note 4 of § 1B1.1 provides, in part, that "[t]he offense level adjustments from more than one specific offense characteristic within an offense guideline are cumulative (added together) unless the guideline specifies that only the greater (or greatest) is to be used." See United States v. Szakacs, 212 F.3d 344, 353 (7th Cir. 2000). The enhancement here under § 2K2.1(b)(5) is on different facts than what Carter's base offense level under § 2K2.1(a)(7) was premised on. Thus, as this claim too lacks merit, there is no prejudice upon which a claim of ineffective assistance of counsel can be made.

The § 2255 motion is denied.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

United States of America          **JUDGMENT IN A CIVIL CASE**

v.          Case Number: 02 C 50006

Donial Carter

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Donial Carter's § 2255 motion is denied.

FILED-WD
02 MAR 26 PM 4:13
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 3/26/2002

*Susan Wessman*

Susan M. Wessman, Deputy Clerk